UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROSIE PASSMORE, Individually and as Special Administrator of the Estate of WILLIE PASSMORE, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Cause No. 2:13-cv-290 ) |
| JAMES R. BARRETT, JR., Individually and d/b/a LOS SUENOS, LANDSTAR CANADA, INC., and LANDSTAR RANGER, INC., | ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Extend Discovery Schedule [DE 41] filed by the plaintiff, Rosie Passmore, on January 14, 2015, and the Motion to Strike Plaintiff's Disclosure of Rule 26 Expert [DE 50] filed by the defendant, James R. Barrett Jr., on January 27, 2015. For the following reasons, the Motion to Extend Discovery Schedule [DE 41] is **DENIED as MOOT**, and the Motion to Strike Plaintiff's Disclosure of Rule 26 Expert [DE 50] is **DENIED**.

*Background*

The plaintiff, Rosie Passmore, initiated this matter in state court on July 29, 2013, and the defendant, James R. Barrett, Jr., removed it to federal court on August 23, 2013. On September 18, 2014, this court extended the discovery deadline to May 28, 2015, the defendants' expert witness disclosure and report deadline to March 31, 2015, and the plaintiff's expert witness disclosure and report deadline to January 24, 2015. On January 14, 2015, Passmore requested the court to extend the current discovery deadlines.

Passmore indicated that the parties took Barrett's deposition on December 30, 2014 and that she received the deposition transcript on January 13, 2015. She acknowledged that she could not have an expert prepare a report by the January 24, 2015 deadline. Additionally, she indicated that she wanted to inspect the accident site within the next thirty days and then to issue her Rule 26 expert disclosure by February 28, 2015.

Barrett objected to the extension and argued that Passmore failed to show why she could not have inspected the accident site earlier. He added that this litigation has prevented him from making a living because it has become cost-prohibitive to obtain insurance to operate his truck and that further delay would prejudice him further. Additionally, Barrett indicated that Passmore failed to file a certification that she attempted to resolve this discovery dispute in good faith pursuant to Local Rule 37-1.

In her reply, Passmore requested an eight day extension of the deadline to disclose her expert and his report. She waited to conduct an inspection of the accident site until after Barrett's deposition because the inspection would help formulate the expert's opinion and she did not want to disclose her expert's opinion without knowing Barrett's testimony. Passmore indicated that Barrett's deposition was delayed because he was undergoing cancer treatment and that she would have sought the site inspection months earlier had his deposition not been delayed. Furthermore, she stated it was important for her expert to inspect the site to familiarize himself with the surroundings and because Barrett would likely attempt to discredit his testimony at trial if the expert did not inspect the accident site. Additionally, Passmore filed a Local Rule 37-1 certification with her Reply indicating that her counsel attempted to resolve this matter with Barrett on January 13, 2015 via telephone and email and that Barrett indicated his objection on January 14, 2015.

On January 26, 2015, Passmore filed her amended Rule 26(a)(2) disclosure of expert testimony for retained expert Donald L. Hess. The disclosure included the expert's opinions, qualifications, and the basis for his opinions. On January 27, 2015, Barrett moved to strike Passmore's expert disclosure. Barrett argued that Passmore filed her expert disclosure after the court's deadline and without leave of court.

Barrett indicated that the site inspection took place on January 27, 2015 and that it was not necessary to formulate the expert's opinion because the inspection took place after Passmore filed her expert disclosure. Additionally, he argued that Passmore chose not to take his deposition and that his testimony did not affect the expert's conclusions. Therefore, he claimed that Passmore did not have good cause to file her expert disclosure after the deadline.

Passmore claimed that she filed her expert disclosure timely. She indicated that the deadline for disclosure was January 24, 2015, a Saturday. Pursuant to Federal Rule of Civil Procedure 6(a), she argued that the deadline was extended until the next day that was not a Saturday, Sunday, or legal holiday. Therefore, she claimed she filed her expert disclosure timely on Monday January 26, 2015.

*Discussion*

Federal Rule of Civil Procedure 16(b) provides that a schedule shall not be modified except upon a showing of good cause and by leave of the court. *See* **Campania Mgmt. Co., Inc., v. Rooks, Pitts & Poust**, 290 F.3d 843, 851 (7th Cir. 2002); **Briesacher v. AMG Res., Inc.**, 2005 WL 2105908, at *2 (N.D. Ind. Aug. 31, 2005). Good cause sufficient for altering discovery deadlines is demonstrated when a party shows that, "despite their diligence, the established timetable could not be met." **Tschantz v. McCann**, 160 F.R.D. 568, 571 (N.D. Ind. 1995). When the last day of a time period falls on a Saturday, Sunday, or legal holiday then "the period

3

continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."
**Federal Rule of Civil Procedure 6(a)(1)(C).**

Passmore requested the court to extend the discovery deadline because she could not file her expert report by the January 24, 2015 deadline. However, January 24, 2015 was a Saturday. Therefore, Passmore had through Monday January 26, 2015 to file her expert report. Initially, Passmore requested a thirty day extension but reduced her request to eight days in her reply.

Passmore indicated that she wanted to file her expert's report after he inspected the accident site on January 27, 2015. Barrett argued that Passmore could have inspected the site earlier and that she did not demonstrate good cause sufficient to extend the discovery deadline. Although Passmore argued that she could not meet the deadline, she filed her expert report on January 26, 2015, within the deadline pursuant to Federal Rule of Civil Procedure 6(a)(1)(C). Therefore, the motion to extend the discovery deadline is **DENIED as MOOT**.

Next, Barrett argued that the court should strike Passmore's Rule 26 expert disclosure. Barrett claimed that Passmore filed her disclosure late on January 27, 2015 without leave of court. Although Barrett argued that Passmore did not have good cause to file her disclosure late, as discussed above, Passmore filed her disclosure timely. Passmore filed her disclosure on January 26, 2015 which was within the discovery deadline pursuant to Rule 6(a)(1)(C). Therefore, the motion to strike Passmore's expert disclosure is **DENIED**.

Based on the foregoing reasons, the Motion to Extend Discovery Schedule [DE 41] filed by Passmore is **DENIED as MOOT**, and the Motion to Strike Plaintiff's Disclosure of Rule 26 Expert [DE 50] filed by Barrett is **DENIED**.

ENTERED this 10th day of March, 2015.

/s/ Andrew P. Rodovich
United States Magistrate Judge