UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ROSIE PASSMORE, Individually and as )
Personal Representative of the Estate of )
Willie J. Passmore, Deceased, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　)
　　　v. ) Case No. 2:13-cv-290
　　　　　　　　　　　　　　　　　　　　　)
JAMES R. BARRETT JR., Individually and )
d/b/a Los Sueños, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant. )

**OPINION AND ORDER**

This matter is before the court on the Motion to Bifurcate the Issues of Liability and Damages [DE 104] and the Motion for Leave to Enter Portions of Videotaped Deposition of James R. Barrett Jr. Into Evidence at Trial in Lieu of Live Testimony [DE 106] filed by the defendant, James R. Barrett Jr., on March 22, 2016, and the Motion to Compel Defendant James R. Barrett, Jr. to Appear at Trial [DE 109] filed by the plaintiff, Rosie Passmore, Personal Representative of the Estate of Willie J. Passmore, deceased, on March 22, 2016. For the following reasons, the Motion to Bifurcate the Issues of Liability and Damages [DE 104] is **DENIED**, the Motion for Leave to Enter Portions of Videotaped Deposition of James R. Barrett Jr. Into Evidence at Trial in Lieu of Live Testimony [DE 106] is **GRANTED**, and the Motion to Compel Defendant James R. Barrett, Jr. to Appear at Trial [DE 109] is **DENIED**.

*Background*

The plaintiff, Rosie Passmore, has alleged that the defendant, James R. Barrett Jr., negligently ran over and killed her husband, Willie Passmore, while Willie was working at Boss Truck Shop in Gary, Indiana. The parties have submitted a surveillance video of the accident,

which showed Barrett's trucking running over and killing Willie. Barrett was diagnosed with Multiple Myeloma in July 2014. Barrett's cancer treatment has included spinal cord surgery, radiation, and chemotherapy. Barrett has back pain and weakness, and his doctor has recommended that he avoid travelling long distances or sitting for an extended period. Barrett lives over 1,300 miles away from the courthouse in Alice, Texas.

*Discussion*

Barrett has requested the court to bifurcate the issues of liability and damages to avoid prejudice and to expedite and economize the trial. "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." **Federal Rule of Civil Procedure 42(b)**. The decision to bifurcate a trial under Rule 42(b) is entirely within the trial court's discretion. *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). "Like all rules of civil procedure, this rule is applied in conjunction with Federal Rule of Civil Procedure 1, which instructs that the rules shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Toney v. Accor N. Am.*, 2010 WL 2162626, at *1 (N.D. Ind. May 27, 2010) (citation and internal quotation marks omitted). First, the court must determine whether separate trials would avoid prejudice to a party or promote judicial economy. *Balzer v. Am. Family Ins. Co.*, 2009 WL 1543524, at *2 (N.D. Ind. June 2, 2009). Then it must decide whether bifurcation would prejudice a party unfairly. *Balzer*, 2009 WL 1543524 at *2. Finally, bifurcation must not violate the Seventh Amendment. *Balzer*, 2009 WL 1543524 at *2 (citing *Houseman*, 171 F.3d at 1121). The moving party has the burden to demonstrate that

bifurcation would support judicial economy and not prejudice any parties. ***Toney***, 2010 WL 2162626 at *1 (citations omitted).

Barrett has argued that consolidating the liability and damages issues would prejudice him. He has indicated that the evidence overwhelmingly shows that Willie's conduct caused Passmore's damages. However, because Passmore is a sympathetic witness and the surveillance video shows Willie's death, Barrett has claimed that the jury will disregard the evidence on liability and will decide this case based on sympathy or an emotional response to Passmore's testimony. Additionally, he has argued that bifurcation would promote judicial economy because none of the liability witnesses would be recalled during the damages portion of the trial. Moreover, the same jury could decide both issues.

Passmore has argued that Barrett has failed to meet his burden to show prejudice. She has claimed that Barrett's argument is mere speculation that a jury could not decide the liability issue on its merits as opposed to sympathy. She also has argued that Barrett has not shown that bifurcation would promote judicial economy. Because this case involves competing expert opinions and factual disputes, Passmore has indicated that Barrett has not shown that his success on liability is likely. Furthermore, she has stated that bifurcation would extend the length of the trial if Barrett does not succeed on liability.

Although Passmore is a sympathetic witness and the surveillance video shows Willie's death, the court believes that a jury can decide the liability issue on its merits. Barrett has speculated that Passmore's testimony and the video would cause the jury to decide this case based on sympathy, but speculation is insufficient to warrant a separate trial. ***Balzer***, 2009 WL 1543524 at *3 (citations omitted). Furthermore, the court can provide warnings, limiting

instructions, or special verdict forms to temper any prejudice. *See* **Stachon v. Woodward**, 2015 WL 7963144, at *2 (N.D. Ind. Dec. 2, 2015) (citation omitted).

The court also is not convinced that bifurcation would promote judicial economy. This case involves a number of factual disputes, including competing expert opinions. Barrett cannot assume that he will prevail and relieve the court of the damages portion of the trial, and the court does not find that his possibility of success warrants bifurcation. However, even if the court separated the issues, the damages portion will likely consist of two expert witnesses and Passmore. Therefore, separating the issues would not eliminate numerous witnesses or significant testimony if Barrett prevailed. Rather, bifurcation would likely extend the trial and the jurors' service by requiring two rounds of opening statements, closing arguments, and deliberations. The Motion to Bifurcate the Issues of Liability and Damages is **DENIED**.

Next, Barrett has requested the court to admit his videotaped deposition at trial in lieu of live testimony, and Passmore has requested the court to compel Barrett's attendance at trial. The parties have cited competing authority that debates whether courts have authority to subpoena witnesses who reside more than 100 miles from the place of trial. *Compare* **Johnson v. Big Lots Stores, Inc.**, 251 F.R.D. 213 (E.D. La. 2008) (holding that courts cannot subpoena a witness who resides more than 100 miles from the place of trial and outside of the state), *with* **In re Vioxx Prods. Liab. Litig.**, 438 F. Supp. 2d 664 (E.D. La. 2006) (holding that court can subpoena a witness who resides more than 100 miles from the place of trial and outside of the state). Although not cited by either party, a 2013 Amendment to **Federal Rule of Civil Procedure 45** resolved this issue.

**Rule 45(c)** states that

> [a] subpoena may command a person to attend a trial . . . only as follows:

        (A)    within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
        (B)    within the state where the person resides, is employed, or regularly transacts business in person, if the person
            (i)    is a party or a party's officer; or
            (ii)   is commanded to attend a trial and would not incur substantial expense.

The Advisory Notes to the 2013 Amendment indicated that Subdivision (c) resolved the split between *In re Vioxx Prods. Liab. Litig.* and *Big Lots Stores, Inc.* **Rule 45** advisory committee's notes. "Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state." **Rule 45** advisory committee's notes. "Rule 45(d)(3)(A)(ii) directs the court to quash any subpoena that purports to compel compliance beyond the geographical limits specified in Rule 45(c)." **Rule 45** advisory committee's notes.

      It is undisputed that Barrett lives outside of Indiana and more than 100 miles from Hammond, Indiana, the trial location. Additionally, Passmore has not alleged or shown that Barrett is employed or regularly transacts business in person within those geographical limits. Therefore, this court must quash or modify the subpoena requiring Barrett's attendance at trial. **Rule 45(d)(3)(A)(ii)**.

      In the alternative, Passmore has requested the court to compel Barrett to appear via video-conferencing from a location in Corpus Christi, Texas, less than fifty miles from Barrett's home. She has argued that requiring Barrett to testify via video-conferencing would allow the jury to observe his testimony first hand, rather than watching a video recording of his deposition. She also has claimed that Barrett's counsel acted improperly during Barrett's deposition when counsel instructed Barrett to leave the room with him during a break instead of remaining in the

room with Passmore's counsel.  No question was pending when the parties took the break.  Passmore has not alleged that Barrett's counsel spoke with Barrett during the break or that he coached Barrett in any manner during the break to alter his answers.  Therefore, it is unclear how Barrett's counsel acted improperly or why this incident should affect the court's decision on this issue.

Because this court does not find that Barrett's counsel acted improperly during his deposition, it also does not find that requiring him to appear via video-conferencing would allow the jury to assess his testimony any better than by watching his video deposition.  Furthermore, admitting his video deposition eliminates any undue burden with requiring him to appear via video-conferencing.  Although Barrett would not need to travel more than fifty miles, he would need to sit for an extended period, which contradicts his doctor's recommendation.  Therefore, the subpoena requiring Barrett to appear at trial is **QUASHED**.  The parties may use Barrett's video deposition at trial because he is an unavailable witness.  **Rule 32(a)(4)(B) and (C)**.

Based on the foregoing reasons, the Motion to Bifurcate the Issues of Liability and Damages [DE 104] is **DENIED**, the Motion for Leave to Enter Portions of Videotaped Deposition of James R. Barrett Jr. Into Evidence at Trial in Lieu of Live Testimony [DE 106] is **GRANTED**, and the Motion to Compel Defendant James R. Barrett, Jr. to Appear at Trial [DE 109] is **DENIED**.

ENTERED this 31st day of March, 2016.

/s/ Andrew P. Rodovich
United States Magistrate Judge