UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ROSIE PASSMORE, Individually and as Personal Representative of the Estate of Willie J. Passmore, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:13-cv-290 |
| JAMES R. BARRETT JR., Individually and d/b/a Los Sueños, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the court on the Defendant's Motions in Limine [DE 117] filed by the defendant, James R. Barrett Jr., on April 1, 2016. For the following reasons, the motion is **GRANTED IN PART and DENIED IN PART**.

*Background*

Passmore has alleged that the defendant, James R. Barrett Jr., negligently ran over and killed her husband, Willie Passmore, while Willie was working at Boss Truck Shop in Gary, Indiana. This matter is set for trial on April 11, 2016.

*Discussion*

First, Barrett has requested the court to bar any reference to insurance, including communication between Passmore and an insurance adjuster. Passmore has no objection to this request. This request is **GRANTED**.

Second, Barrett has requested the court to bar any reference to the parties' settlement negotiations or their high-low agreement. Passmore has no objection to this request. This request is **GRANTED**.

Third, Barrett has requested the court to bar any evidence of crimes or citations, except those allowed under **Federal Rule of Evidence 609**. Passmore has no objection to this request, but she has indicated that any order should apply to both parties. This request is **GRANTED**. The parties may not admit any evidence of crimes or citations, except those allowed under **Rule 609**.

Fourth, Barrett has requested the court to allow him to present evidence or exhibits in a PowerPoint presentation. Passmore has no objection to this request. This request is **GRANTED**.

Fifth, Barrett has requested the court to exclude any untimely evidence. Passmore has no objection to this request, but she has requested the court to issue the order against both parties. This request is **GRANTED**. The parties cannot introduce untimely evidence.

Sixth, Barrett has requested the court to bar any photographs, video, or reports that depict Willie's death. He has argued that the portion of the video showing Willie's death and that any photographs of Willie's body at the scene, in an autopsy or coroner report, or at the funeral or burial are irrelevant, prejudicial, and likely to evoke sympathy from the jury. Because Willie's pain and suffering is not at issue and Barrett has admitted that Willie is deceased, Barrett has claimed that any depiction of Willie's death is irrelevant and unduly prejudicial under **Rule 403**.

Passmore has argued that the video of Willie's death is relevant and that the probative value outweighs any prejudice. She has indicated that the video is necessary for the jury to assess Willie's conduct, including whether he was in harm's way and whether he knew that the truck was about to move. The court agrees that the entire video is necessary to assess whether Willie placed himself in peril and whether he was contributorily negligent. Without the entire video, the jury would have trouble assessing how the truck ran over Willie and whether his

conduct was negligent. The probative value of the video outweighs any prejudice. Therefore, this request is **DENIED** regarding the surveillance video.

Passmore also has argued that two photographs are relevant and that their probative value outweighs any prejudice. Barrett contends that Willie instructed him to pull out of the bay, but Passmore contends that the circumstantial evidence shows otherwise. Passmore has testimony from Bosselman employees that a job is not complete until the technician returns the work order to the service writer to complete the sale, that a work order is not complete until the vehicle mileage has been entered, and that a customer cannot pay until the service writer has the completed work order. Passmore intends to admit Coroner photo #45, which shows Willie's clipboard on the ground near his body, and Coroner photo #71, which shows a closeup of the clipboard and the attached work order without the mileage entered. Based on the proximity of the work order to Willie's body and the testimony about Bosselman's procedures, Passmore has argued that the jury could infer that Willie did not complete the job or instruct Barrett to pull out.

The photographs showing the clipboard near Willie's body are relevant to whether he instructed Barrett to pull out of the bay. The probative value of those photographs outweighs any prejudicial effect. Therefore, this request is **DENIED** regarding any photographs showing the clipboard or the work order near Willie's body. However, any other photographs showing Willie's body without the clipboard or the work order are irrelevant. The prejudicial effect of the photographs showing his body without the clipboard outweighs any probative value. Therefore, this request is **GRANTED** to any other photographs depicting Willie's body.

Seventh, Barrett has requested the court to bar evidence of Passmore's emotional distress, grief, sorrow, wounded feelings, or solatium. Indiana's wrongful death statute allows spouses to recover for emotional damages. *See **TRW Vehicle Safety Sys., Inc. v. Moore***, 936 N.E.2d 201,

222 (Ind. 2010) ("Under Indiana's wrongful death statute, recovery for emotional damages is allowed for spouses and dependent children."). Moreover, a surviving spouse "may recover for the loss of care, love and affection, and the training and guidance of the deceased." *Challenger Wrecker Mfg. Inc. v. Estate of Boundy*, 560 N.E.2d 94, 99 (Ind. Ct. App. 1990) (citations omitted). This request is **DENIED**. The jury will be instructed regarding wrongful death damages pursuant to Indiana's Model Civil Jury Instruction No. 727.

Eighth, Barrett has requested the court to prohibit Passmore from making a "Golden Rule" argument that asks the jurors to place themselves in her or Willie's shoes. Passmore has no objection to this request. This request is **GRANTED**.

Ninth, Barrett has requested the court to prohibit Passmore from asking the jury to send a message or to punish the defendants. Passmore has no objection to this request. This request is **GRANTED**.

Tenth, Barrett has requested the court to bar evidence of hedonic damages, the value of Willie's life or the lost pleasures of life to Willie. Passmore has agreed that she cannot introduce evidence of hedonic damages, but she has indicated that she can introduce evidence of the value of Willie's life to her. This request is **GRANTED**. Passmore cannot offer evidence of hedonic damages. However, she may introduce evidence of the lost care, love, and affection that Willie would have provided to her.

Eleventh, Barrett has requested the court to prohibit Passmore from referencing relationships between people other than her and Willie. He has indicated that the Indiana Wrongful Death Act does not allow a surviving spouse to seek damages as a result of the loss of love, care, and affection between the decedent and other relatives outside of the spouse. Because Passmore cannot seek damages based on how Willie's death affected her adult children and

4

grandchildren, Barrett has argued that mentioning Passmore's children or grandchildren is irrelevant and unfairly prejudicial. The court disagrees with Barrett. Passmore can mention her children and grandchildren without asking the jury to compensate her for how Willie's death has affected them. This request is **DENIED**. However, Passmore should not describe how Willie's death has affected the lives of other relatives.

Twelfth, Barrett has requested the court to bar Passmore's post-accident diary. Passmore has no objection to this request. This request is **GRANTED**.

Thirteenth, Barrett has requested the court to bar Willie's funeral video. The video was prepared for and shown at Willie's funeral to document his life. Barrett has indicated that the video includes titles and photographs that depict how Willie's death has affected his friends and family members outside of Passmore. For example, the video includes titles such as "Father of the Year," "Loving Son," and "Special Brother and Friend 'Will Dollar.'" Without seeing the video, the court finds that the video could show how Willie's death affected the lives of other relatives beyond Passmore. Moreover, the video could confuse the jury into believing that Passmore can recover damages for how Willie's death affected individuals beyond Passmore. Therefore, this request is **GRANTED CONDITIONALLY**. Passmore may make a showing, outside of the presence of the jury, that the video would not unfairly depict how Willie's death affected other relatives and friends.

Fourteenth, Barrett has requested the court to bar a home video showing a family vacation to Wisconsin Dells. He has indicated that the video contains audio, including hearsay from family members that is not subject to cross-examination. Additionally, Barrett has argued that the video depicts Willie with other relatives, which could unfairly show how his death affected them. Similar to above, this video could confuse the jury into believing that Passmore

5

can recover for how Willie's death affected other relatives. Therefore, this request is **GRANTED CONDITIONALLY**. Passmore may make a showing outside of the presence of the jury.

Fifteenth, Barrett has requested the court to prohibit Passmore from commenting that Barrett and his insurer failed to apologize or that Barrett did not show remorse after the accident. Passmore has no objection to this request. This request is **GRANTED**.

Sixteenth, Barrett has requested the court to prohibit Passmore from commenting that he delayed the trial. Passmore has no objection to this request. This request is **GRANTED**.

Seventeenth, Barrett has requested the court to prohibit Passmore from asking the jury to be Willie's voice, to do justice for Willie, or commenting that Willie cannot tell his side of the story. Passmore has no objection to asking the jury to be Willie's voice or to do justice for Willie. However, she has argued that the "Golden Rule" does not include mentioning that the decedent cannot tell his side of the story in a wrongful death action. It is unclear how mentioning that Willie could not tell his side of the story would invite the jury to abandon their neutrality and to decide this case based on personal interest. Therefore, this request is **GRANTED IN PART and DENIED IN PART**. Passmore can mention that Willie cannot tell his side of the story. However, she cannot make a "Golden Rule" argument, ask the jury to be Willie's voice, or ask the jury to do justice for Willie.

Eighteenth, Barrett has requested the court to prohibit Bosselman, a third party intervenor in this action, from presenting evidence in this matter. He has argued that it would be unfair to allow Bosselman to take an active role in the trial because the court denied his motion for an adverse inference against Passmore because Bosselman was a "minor" participant in this action. The court agrees with Barrett's argument. Therefore, this request is **GRANTED**. If Bosselman

takes an active role in the trial, Barrett may move for an adverse inference based on its increased role.

Nineteenth, Barrett has requested the court to bar reference to this motion. Passmore has no objection to this request. This request is **GRANTED**.

Based on the foregoing reasons, the Defendant's Motions in Limine [DE 117] are **GRANTED IN PART and DENIED IN PART**.

ENTERED this 6th day of April, 2016.

/s/ Andrew P. Rodovich
United States Magistrate Judge